IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JACK J. GRYNBERG and PRICASPIAN : 
DEVELOPMENT CORPORATION, :
:
               Plaintiffs, :
:
v. :
: C.A. No. 10-1093-LPS
TOTAL COMPAGNIE FRANCAISE DES :
PETROLES, TOTAL FINA ELF, S.A., and :
TOTAL S.A., :
:
               Defendants. :

## MEMORANDUM ORDER

Pending before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 3) filed by defendants Total Compagnie Francaise Des Petroles, Total Fina Elf, S.A., and Total S.A. (collectively, "Defendants" or "Total").[1] For the reasons set forth below, the Court **GRANTS** Total's Motion to Dismiss.

### I.    BACKGROUND

#### A.    The Parties and Related Entities

Plaintiff Jack Grynberg ("Grynberg") is a resident and citizen of Colorado. (D.I. 1, Ex. B ¶ 13) Plaintiff Pricaspian Development Corporation ("PDC") is a Texas corporation with its principal place of business in Colorado. (Id. ¶ 14)

Total is an energy holding company incorporated under the laws of France, with its corporate headquarters and principal offices in France. (Id. ¶ 16; D.I. 4 at 2) Total operates a

---

[1] Total Compagnie Francaise des Petroles and Total Fina Elf, S.A. are names under which Total, S.A. previously operated; they are not separate entities. (D.I. 4, Ex. 1 ¶ 12)

1

vertically integrated enterprise to supply energy, chemicals, refined products and other products throughout the world, including Delaware, the rest of the United States, and the European Union. (D.I. 1, Ex. B ¶ 16)

Total E&P USA, Inc. ("TEP USA") is a wholly-owned subsidiary of Total Holdings USA, Inc., which is itself an indirect subsidiary of Total. (D.I. 4 at 3) TEP USA is a Delaware corporation with its primary offices in Texas. (*Id.*)

Total E&P Research and Technology USA, LLC ("TEP Research and Technology") is a wholly-owned subsidiary of TEP USA. (*Id.*) TEP Research and Technology is a Delaware limited liability company with its offices in Texas. (*Id.* at 3-4)

Total E&P New Ventures, Inc. ("TEP New Ventures") is a wholly-owned subsidiary of TEP USA. (*Id.* at 4) It is a Delaware corporation with its primary offices in Texas. (*Id.*)

**B.     Procedural History**

On November 12, 2010, Plaintiffs filed a complaint in the Delaware Court of Chancery asserting a claim for unjust enrichment against Total, arising out of Total's purchase of an interest in the Greater Kashagan Oil Fields from a joint venture of which Plaintiffs were a twenty percent partner. (*See* D.I. 1, Ex. B and, hereinafter "Complaint") On December 13, 2010, Total removed this case to federal court pursuant to 28 U.S.C. § 1441. (D.I. 1)

On December 20, 2010, Total filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The parties completed briefing on this motion on January 18, 2011. (*See* D.I. 9) The Court heard oral argument on November 14, 2011. *See* Mot. Hr'g Tr. (D.I. 25 and, hereinafter, "Tr.").

2

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) directs the Court to dismiss a case when it lacks personal jurisdiction over the defendant. Determining the existence of personal jurisdiction requires a two-part analysis. First, the Court analyzes the long-arm statute of the state in which the Court is located. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Next, the Court must determine whether exercising jurisdiction over the defendant in this state comports with the Due Process Clause of the Constitution. *See id.* Due Process is satisfied if the Court finds the existence of "minimum contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, by a preponderance of the evidence and with reasonable particularity, the existence of sufficient minimum contacts between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share*, 735 F.2d at 67 n. 9; *see also Philips Elec. N. Am. Corp. v. Contec Corp.*, 2004 WL 503602, at *3 (D. Del. Mar. 11, 2004) ("After discovery has begun, the plaintiff must sustain [its] burden by establishing jurisdictional facts through sworn affidavits or other competent evidence.").

If no evidentiary hearing has been held, a plaintiff "need only establish a prima facie case

of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). On a motion to dismiss for lack of personal jurisdiction, "the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). A court is always free to revisit the issue of personal jurisdiction if it later is revealed that the facts alleged in support of jurisdiction are in dispute. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009).

The Supreme Court has held that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). The Third Circuit instructs that if "the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging . . . [its] burden." *Metcalfe*, 566 F.3d at 336; *see also Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("[G]enerally . . . jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'"). Jurisdictional discovery may be denied "where the party that bears the burden of establishing jurisdiction fails to establish a threshold prima facie showing of personal jurisdiction." *S. Seafood Co. v. Holt Cargo Sys., Inc.*, 1997 WL 539763, at *8 (E.D. Pa. Aug. 11, 1997) (internal quotation marks omitted). "A prima facie case requires factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state." *Id.* (internal quotation marks omitted).

III. <u>DISCUSSION</u>

    A. <u>Personal Jurisdiction Under Agency Theory</u>[2]

Plaintiffs bear the burden of adducing facts which, at a minimum, "establish with reasonable particularity" that personal jurisdiction exists over Total. *Provident Nat'l Bank*, 819 F.2d at 437. Plaintiffs assert that the Court has jurisdiction over Total pursuant to the Delaware long-arm statute, 10 DEL. C. § 3104(c), because Total, through its Delaware subsidiaries – TEP USA, TEP Research and Technology, and TEP New Ventures – regularly conducts or solicits business in Delaware. (D.I. 5 at 2 ¶ 1) In response, Total contends that Plaintiffs have failed to establish that Total's subsidiaries are agents of Total for jurisdictional purposes and have failed to adequately allege that any acts of the subsidiaries in Delaware were acts of Total. (D.I. 9 at 2 ¶ 3)

Delaware law permits a court to find jurisdiction over a parent corporation for the acts of its Delaware subsidiary under the agency theory of personal jurisdiction. *See E.I. duPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.*, 197 F.R.D. 112, 122 (D. Del. 2000). Therefore, under Delaware's long-arm statue, the Court "may consider the acts of an agent to the extent that those actions were directed and controlled by the principal." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1465-66 (D. Del. 1991). However, under the agency theory, "the existence of a principal/agent relationship between the two corporations does not obviate the necessity of satisfying the requirements of the Delaware long-arm statue."

---

[2]The Court need not address Defendants' assertion that Plaintiffs have failed to adequately plead personal jurisdiction under the alter ego theory (*see* D.I. 4 at 6-7) as Plaintiffs did not assert this theory of jurisdiction in their briefing on the instant motion or in the Complaint.

*Id.* at 1463.

Here, even presuming that Plaintiffs have adequately made a prima facie showing that there was an agency relationship between Total and its Delaware subsidiaries, Plaintiffs have failed to allege adequately the minimum contacts between Total or its subsidiaries and Delaware necessary to support the exercise of personal jurisdiction over Total. *See Applied Biosystems*, 772 F. Supp. at 1469 (stating that for agency-based personal jurisdiction, agent-subsidiary's activities, which are attributed to principal-parent, must show "persistent course of conduct in Delaware" or that agent-subsidiary "derived substantial revenue from activities here") (internal quotation marks omitted). The Complaint formulaically recites that Defendants "engaged in a persistent course of conduct in Delaware using three Delaware subsidiaries," but fails to plead any facts describing this course of conduct or connecting any action taken by Total or its subsidiaries to Delaware. The mere fact that the subsidiaries are Delaware entities is insufficient to demonstrate the minimum contacts necessary for the exercise of personal jurisdiction over Total. *See ACE & Co. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418, 422-23 (D. Del. 2001) ("[T]he mere fact that a non-Delaware corporation owns a Delaware subsidiary is not sufficient in itself to justify Delaware's exercise of personal jurisdiction over the non-Delaware parent."); *see also Applied Biosystems*, 772 F. Supp. at 1469 (holding that act of incorporating agent may be attributed to principal, but agent's status as Delaware corporation may not be attributed); *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 863 F. Supp. 186, 190 (D. Del. 1993) (noting that jurisdiction was found lacking in *Applied Biosystems* because "even when the[ ] [Delaware-incorporated subsidiary's] contacts were aggregated with the contacts of [the other defendants] there were insufficient contacts [with Delaware] to permit the exercise of jurisdiction").

6

**B.     Jurisdictional Discovery**

Plaintiffs request that if the Court concludes they have failed to meet their burden to establish personal jurisdiction over Total, the Court allow Plaintiffs to take jurisdictional discovery rather than dismiss the claims against Total. (*See* D.I. 5 at 9) The Third Circuit has instructed that "[i]f the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Eurofins Pharma US Holdings v. BioAlliane Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (internal quotation marks omitted). "A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Id.*

Here, the Complaint falls short of making factual allegations suggesting with reasonable particularity the existence of contacts between Total and Delaware. As Total notes: "Plaintiffs' jurisdictional allegations are simply a recitation of the legal standard for agency combined with a recitation of the legal standard for finding general jurisdiction." (D.I. 9 at 6 ¶ 11; *see* D.I. 1, Ex. B ¶ 18) Plaintiffs allege that Total "engaged in a persistent course of conduct in Delaware using three Delaware subsidiaries." (D.I. 1, Ex. B ¶ 18) Yet, nowhere in the sixty-four paragraphs of the Complaint do Plaintiffs allege any fact with reasonable particularity that suggests the existence of any contact between Total or any of the Total subsidiaries with the State of Delaware (beyond the fact that the subsidiaries are Delaware entities). This is insufficient to justify jurisdictional discovery. *See generally Mass. Sch. of Law at Andover, Inc. v. Am. Bar. Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (holding that conclusory allegation that defendant "transacts business" in specific state is "clearly frivolous" basis for jurisdictional discovery); *see*

*also generally S. Seafood Co. v. Holt Cargo Sys., Inc.*, 1997 WL 539763, at *8 (E.D. Pa. Aug. 11, 1997) (denying jurisdictional discovery where plaintiffs based their request for it on "mere speculation" that requisite contacts that would be uncovered through discovery).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 3) is **GRANTED**.

Dated: September 18, 2012

UNITED STATES DISTRICT JUDGE